BRIGGS *v.* BRIGGS.

No. 17312. FEBRUARY 14, 1951.

*Francis G. Jones Jr.,* for plaintiff.

*Wilkerson & Wilkerson* and *John P. Wilkerson,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Code § 81-204 declares: "If the defendant in an equitable proceeding shall not reside in the State, service of the petition or any order of the court may be made by publication. If the nonresident defendant shall be represented in court by an attorney at law or in fact, service on such attorney shall be sufficient. In all cases not embraced within the foregoing provisions, the judge may prescribe extraordinary service according to the exigencies of each case."

In the present equitable proceeding to modify a former decree, no attempt was made to serve the non-resident mother by publication. Under the uncontradicted evidence, the mother was not represented in court by the attorney upon whom service was attempted to be made. The trial judge attempted to "prescribe

extraordinary service" by ordering that the clerk of court and the attorney for the father should "mail by registered mail a copy of the order and petition" to the non-resident defendant mother. This court said in *Milner* v. *Gatlin,* 139 *Ga.* 109, 113 (2) (76 S. E. 860): "The courts of one State have no power to change the status of citizens of another State. Besides, the proceedings to reform required service of citation, and at least so much of the judgment as awarded the custody of the child to the father was treated as a judgment in personam. But it may be said that C. W. Milner was served with notice of the application to reform the original decree, by the Sheriff of Pike County, Georgia. This service goes for naught, because the authority of a court to issue and serve process is restricted to the territory of the State where issued, and the court has no power to require persons not within such territory to appear." In *John Hancock Mutual Life Insurance Co.* v. *Baskin,* 179 *Ga.* 86, 87 (2) (175 S. E. 251), it was said: "Even though the petition in the instant case prayed for an order directing how service could be perfected on a non-resident corporation, the law prescribes how such service should be perfected, and the mere forwarding by registered mail of a copy of the petition, process, and order did not subject the non-resident defendant to the jurisdiction of the court. *Coral Gables Corporation* v. *Hamilton,* 168 *Ga.* 182 (10) (147 S. E. 494)."

The present case differs on its facts from *Pendley* v. *Tumlin,* 181 *Ga.* 808 (3), (184 S. E. 283); *Simpson* v. *Bradley,* 189 *Ga.* 316, 319 (4), (5 S. E. 2d, 893); *Blount* v. *Metropolitan Life Insurance Co.,* 190 *Ga.* 301 (9 S. E. 2d, 65).

Applying the above principles to the pleadings and evidence, the forwarding by registered mail of a copy of the petition and ex parte order did not subject the non-resident defendant to the jurisdiction of the court. Accordingly, the trial judge did not err in sustaining the traverse of service, and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*