72833. GORMONG v. CLEVELAND ELECTRIC COMPANY OF
GEORGIA, INC.
(349 SE2d 500)

BIRDSONG, Presiding Judge.
Service of Process. The appellant, Herbert R. Gormong, was discharged by the appellee, Cleveland Electric Company, in 1976 for insubordination. Gormong sought arbitration of the discharge through

his employee union but the arbitration was not pursued for reasons not made clear on the record. On July 22, 1985, over nine years after the discharge, Gormong filed suit in Fulton Superior Court claiming Cleveland breached an existing contract by failing to arbitrate his grievance. Gormong filed his suit pro se and sought to serve process upon Cleveland by mailing a copy of the pleadings to Cleveland by registered mail. Cleveland denied both service and jurisdiction over its corporate person for failure of personal service in accordance with the statutory procedures mandated by OCGA § 9-11-4. The trial court granted the motion to dismiss filed by Cleveland based upon the failure of service. Gormong brings this appeal urging legal service and pursuing arguments on the merits of his lawsuit. *Held*:

The trial court did not err in dismissing Gormong's complaint for lack of service upon Cleveland. OCGA § 9-11-4 (c) requires process to be served by the sheriff of the county where the action is brought or by his deputy, or by a marshal or sheriff of the court or by any citizen of the United States specially appointed by the court for that purpose. It long has been the law of this state interpreting this provision that the required "personal" service cannot be effected upon a resident defendant by use of mail, registered or otherwise. See *Stallings v. Stallings*, 127 Ga. 464 (4) (56 SE 469); *Benefield v. Harris*, 143 Ga. App. 709, 712 (240 SE2d 119). In the absence of service in conformity with the service statute or a waiver thereof, no jurisdiction over the defendant is obtained by the court. *Thompson v. Lagerquist*, 232 Ga. 75 (205 SE2d 267); *Collins v. Collins*, 148 Ga. App. 103 (250 SE2d 870).

Gormong seeks to avoid the stringency of this long standing rule of procedure by arguing that the rights of arbitration he seeks are based upon a federal statute and the notification of a violation of those rights to an offending defendant is more appropriately governed under principles of federal law. Thus, he contends the service employed constitutes notorious or substituted service. This argument is no more persuasive than the argument also advanced by Gormong that the fact that statutorily authorized service of additional pleadings (once service has been obtained) may be by registered mail arguably justifies original service of pleadings by such mail. The U. S. Supreme Court settled the issue irrefutably in the case of *Erie R. Co. v. Tompkins*, 304 U. S. 64, 78 (58 SC 817, 82 LE 1188) where it was held that except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the state. If we were interpreting the federal arbitration laws, perhaps Gormong's argument would be more persuasive, but we are considering the procedural rules governing service of process in this state. It is clear that the law of this state applies. The law of this state is that the forwarding by registered mail of a copy of the petition did not

subject Cleveland Electric Company to the jurisdiction of the superior court, especially where it is equally clear that Cleveland did not waive the failure of service and moved to dismiss the petition on that ground. *Briggs v. Briggs*, 207 Ga. 614 (63 SE2d 371).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 23, 1986 —
REHEARING DENIED OCTOBER 8, 1986

Herbert R. Gormong, *pro se.*
Seth R. Price, for appellee.