77479. FIRST UNION NATIONAL BANK OF GEORGIA
v. J. REISBAUM COMPANY.
(378 SE2d 317)

BANKE, Presiding Judge.

Sweats, Inc., ordered certain merchandise from the appellee, J. Reisbaum Company, simultaneously tendering payment in the form of a draft drawn by the appellant, First Union National Bank of Georgia, upon another bank. After the merchandise was delivered, Sweats, Inc., instructed First Union to instruct the drawee bank to stop payment on the draft. First Union complied, and Reisbaum thereafter brought the present action against both Sweats, Inc., and

First Union seeking to recover the balance owed on the merchandise, plus interest and court costs. He obtained a default judgment against Sweats, Inc., and a summary judgment against First Union. On appeal, First Union asserts that a material issue of fact was created by its response to the summary judgment motion.

The parties are in agreement that First Union is entitled to assert any defense which would have been available to Sweats, Inc. In opposing the motion for summary judgment, First Union asserted that the merchandise which was shipped was not in conformity with Sweats' order, and it reiterated this defense in its statement of material facts filed pursuant to Uniform Superior Court Rule 6.5. In support of this defense, First Union submitted the affidavit of the customer service specialist in its employ who had prepared and filed the stop-payment order at the request and direction of Sweats. Attached to the affidavit was a copy of the stop-payment request form, which specified the following reason for the request: "Discrepancy on goods delivered for which check was payment."

The trial court concluded that, notwithstanding the employee's representation that the averments contained in her affidavit were based on personal knowledge, it was evident that she in fact "ha[d] no personal knowledge of the shipment but [was] simply writing it down . . . what she was told by a third party." Consequently, the court ruled that First Union had failed to create a material issue of fact with respect to the nonconformity defense. (At the hearing on the summary judgment motion, the appellant attempted to submit an affidavit from Sweats' president in support of its nonconformity defense, but the court granted a motion by Reisbaum to strike this affidavit as untimely.) *Held*:

"On a motion for summary judgment, the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. . . . [T]he moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973).

While the affidavit in question may not have constituted evidence in support of the nonconformity defense, First Union had no initial burden of coming forward with such evidence. The assertions contained in First Union's response to the motion for summary judgment were sufficient, without evidentiary support, to raise the issue of nonconformity as a defense to the complaint, thereby placing the burden on Reisbaum, as movant, to come forward with evidence negating this defense in order to establish its entitlement to summary judgment. Accord *Hepner v. Southern R. Co.*, 182 Ga. App. 346, 351 (356 SE2d 30) (1987). Since Reisbaum failed to come forward with such evidence, we hold that the trial court erred in granting its motion for

summary judgment.

*Judgment reversed. Birdsong and Beasley, JJ., concur.*

### On Motion for Rehearing.

Citing the United States Supreme Court's decision in *Celotex Corp. v. Catrett*, 477 U. S. 317 (106 SC 2548, 91 LE2d 265) (1986), appellee Reisbaum argues on motion for rehearing that we should abandon the rule that a party moving for summary judgment has the burden of negating the existence of facts as to which the respondent would have the burden of proof at trial. While we are bound by the United States Supreme Court's interpretation of Rule 56 (c) of the Federal Rules of Civil Procedure, we must, of course, follow the decisions of our own Supreme Court with respect to the meaning of Rule 56 (c) of the Georgia Civil Practice Act, OCGA § 9-11-56 (c). See *Hepner v. Southern R. Co.*, 182 Ga. App. 346, 350-351 (356 SE2d 30) (1987). The Georgia Supreme Court has consistently held that Rule 56 (c) of the CPA requires a party moving for summary judgment to negate all material allegations made by the respondent, even those as to which the respondent would have the burden of proof at trial. See, e.g., *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551, 552 (181 SE2d 866) (1971); *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973); *Taylor v. Taylor*, 243 Ga. 506, 508 (255 SE2d 32) (1979); *Nalley v. Karr*, 242 Ga. 16, 17 (247 SE2d 755) (1978).

We further note that even if the *Celotex* decision controlled our interpretation of CPA Rule 56 (c), it would not require a different result in the present case. In *Celotex*, the movant on motion for summary judgment was being sued by the respondent based on allegations that the respondent's husband had died from exposure to asbestos manufactured by movant. The defendant manufacturer asserted in its summary judgment motion that although it had served interrogatories upon the plaintiff seeking the identity of any witnesses who could substantiate the allegation that her husband had been exposed to its asbestos products, the plaintiff had failed to provide such information. The Supreme Court held that the manufacturer was not required under such circumstances to come forward with evidence affirmatively negating the respondent's allegation that such exposure had occurred, stating: "In our view, the plain language of Rule 56 (c) [of the Federal Rules of Civil Procedure] mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (Emphasis supplied.)

The proposition that a defendant may negate a plaintiff's allegations on motion for summary judgment by showing that the plaintiff has demonstrated an inability or unwillingness to reveal any evidentiary support for those allegations during the discovery process has previously been recognized by this court. See e.g., *Martin v. Newman*, 162 Ga. App. 725 (1) (293 SE2d 18) (1982), which was decided prior to the *Celotex* decision, and *Munna v. Lewis*, 181 Ga. App. 860 (2) (354 SE2d 181) (1987), which was decided afterwards. However, the case before us clearly does not fall into this category. Here, the party moving for summary judgment (Reisbaum) did so solely on the basis of the affidavit of its president, and the record does not reflect that the parties have ever engaged in any discovery at all. Thus, in contrast to the situation in *Celotex*, *Martin v. Newman*, and *Munna v. Lewis*, it has not been demonstrated that the respondent (First Union) was opposing the motion on the basis of factual allegations which it had previously demonstrated an inability or unwillingness to substantiate.

Additionally, we note that in *Celotex*, *Martin v. Newman* and *Munna v. Lewis*, the character of the factual allegations upon which the respondent relied in opposing the motion for summary judgment was such that it would not have been reasonable to expect the movant to disprove them without some guidance as to what sort of evidence the respondent intended to present in support of them. That is not the case here. First Union's defense to Reisbaum's claim was that the goods shipped by Reisbaum did not conform to the purchaser's order. We can conceive of no reason why Reisbaum would not have been in as good a position as First Union to come forward with evidence on this issue, given that, as between the two of them, it was the only one directly involved in the transaction and thus the only one with first-hand knowledge of what goods were shipped. For these reasons, we conclude that the rationale of *Celotex*, *Martin v. Newman*, and *Munna v. Lewis* is not applicable to the present case; and we reiterate our holding that the burden was on Reisbaum, as movant on motion for summary judgment, to come forward with evidence negating First Union's nonconformity defense.

*Motion for rehearing denied.*

DECIDED JANUARY 3, 1989 —
REHEARING DENIED FEBRUARY 9, 1989.

*Troutman, Sanders, Lockerman & Ashmore, Herbert D. Shellhouse, William T. Plybon*, for appellant.

*Macey, Wilensky, Cohen & Wittner, Heldon R. Wittner, Chris-*

*tine C. Daniel, H. William Cohen*, for appellee.