A89A0811. GRESHAM et al. v. ATLANTA GAS LIGHT COMPANY et al.
(389 SE2d 502)

POPE, Judge.

This premises liability action was brought by the parents and on behalf of their minor son Marc Gresham, who were the tenants of a mobile home owned by defendant Martha Ann Bailey. They sought damages for injuries Marc received when he tripped over the threshold of the back door, fell off the stairs and landed on a capped vertical pipe installed and maintained by defendant Atlanta Gas Light Company. The pipe protruded ten inches out of the ground and was located within eighteen inches from the side of the mobile home and two feet to the side of the stairs. Plaintiffs contended that there had formerly been a deck outside the rear door which was removed by defendant landlord when it became in disrepair and replaced by four wooden steps resting on concrete blocks, but having no handrails; and

that at the threshold of the rear door was a metal lip which rose above the level of the interior carpeting requiring the user to step over the threshold and then down onto the first step, all of which constituted a dangerous and defective condition.

Plaintiffs further asserted that the gas company, in relocating its main fuel line into the mobile home park and the service lines into the individual mobile homes, had left the old replaced service lines above ground and did not intend to come back and cap these "risers" below the ground until after all relocation work was completed; that the old service line and riser on which Marc was injured no longer had any useful purpose; that the old service line and riser were located too close to the steps to conform to the applicable provisions of the gas company's meter and house regulator installation manual; and that this constituted a dangerous and defective condition in the gas company's property of which it had actual or constructive knowledge.

Defendant landlord filed a motion for summary judgment maintaining that at the time the lease was entered into, the plaintiff father inspected the mobile home, the threshold of the rear door, the rear steps and the pipe rising from the ground below, all of which were clearly visible and in plain view; that they existed in exactly the same patent and obvious condition at the time of Marc's fall as when the father inspected the premises; and that at no time did plaintiffs notify or complain to her or her agent of any defect or lack of repair. Defendant gas company also moved for summary judgment, contending that plaintiffs could not recover as a matter of law because its only legal duty to them was to warn of hidden dangerous conditions of which it had knowledge superior to theirs; and that the pipe was an openly visible static condition at least as well known to plaintiffs as to the gas company. The trial court granted both motions for summary judgment and plaintiffs appeal.

1. "[G]enerally it may be stated that a landowner is not liable for injuries to an invitee arising from a patent defect on the premises preexisting the arrival of the invitee and of which the invitee knew or had the means of knowing equal to the landowner." *First Pacific Mgmt. Corp. v. O'Brien*, 184 Ga. App. 277, 280 (361 SE2d 261) (1987). Accord *Harmon v. Reames*, 188 Ga. App. 812 (374 SE2d 539) (1988). However, OCGA § 44-7-2 (b) forbids landowners from avoiding the duty to make repairs and improvements or the duties created by housing codes. *Thompson v. Crownover*, 259 Ga. 126 (3) (377 SE2d 660) (1989). In their response to the motions for summary judgment plaintiffs submitted portions of the Standard Building Code of 1985, which they alleged was adopted as a housing code by Rockdale County and was in effect at the time of Marc's fall. One of its provisions requires handrails on all stairways located more than three risers above grade. The significance of the housing code requirement

was argued in plaintiffs' response and no objection was raised by either defendant to submission in evidence of the pertinent portions of the Standard Building Code, which are now a part of the record in this court and thus deemed to have been considered by the trial court. See *Professional Ins. Svcs. v. Sizemore Elec. Co.*, 188 Ga. App. 463 (373 SE2d 276) (1988).

Defendant landlord argues that plaintiffs have failed to plead or prove the housing code or any violation thereof. " 'On a motion for summary judgment, the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. . . . (T)he moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence.' [Cit.]" *First Union Nat. Bank v. J. Reisbaum Co.*, 190 Ga. App. 234, 235 (378 SE2d 317) (1989). While the Standard Building Code may not have constituted proof of the Rockdale County Housing Code, plaintiffs "had no initial burden of coming forward with such evidence. The assertions contained in [their] response to the motion for summary judgment were sufficient, without evidentiary support, to raise the issue of [a housing code violation] as a defense to the [motion], thereby placing the burden on [the landlord], as movant, to come forward with evidence negating this defense in order to establish [her] entitlement to summary judgment. [Cit.] Since [the landlord] failed to come forward with such evidence, we hold that the trial court erred in granting [her] motion for summary judgment." Id. at 235-236. We also note, as did this court on motion for rehearing in the *First Union Nat. Bank* case, that no good reason exists why the landlord would not have been in as good a position as plaintiffs to come forward with evidence on the issue to show that there was no such provision in the Rockdale County Housing Code. Id. at 237.

2. In its motion for summary judgment, defendant gas company relied on the theory that its liability, if any, arose out of premises liability and that it was not liable to plaintiffs because they had equal or superior knowledge of the hazard posed by the protruding standpipe. We need not address the fact that no evidence was presented in regard to the knowledge or appreciation of danger which the young child in this case could have been expected to have, for defendant gas company's liability, if any, is *not* based on premises liability but on the duty to exercise reasonable care in the maintenance of its pipes. The duty of a gas company which furnishes gas lines to a residence or other building is founded on the standard of reasonable care and not on notions of premises liability. See *Bray v. Atlanta Gas Light Co.*, 46 Ga. App. 629 (3) (168 SE 96) (1933) (where this court held the gas company could not avoid liability to one injured by the company's alleged negligence on the ground that the injured person was a tres-

passer). In regard to the maintenance of gas lines, "[a] company which produces and furnishes gas is bound to use such skill and diligence in its operations as is proportionate to the delicacy, difficulty, and nature of that particular business. [Cit.]" *Christo v. Macon Gas Co.*, 18 Ga. App. 454, 455 (89 SE 532) (1916). Evidence was presented that the location of the standpipe in this case did not conform to the gas company's own internal operating procedures. Thus, an issue of fact remains as to whether the gas company failed to exercise the requisite degree of care in leaving the standpipe at this location.

Neither is defendant gas company entitled to summary judgment on the ground that its negligence, if any, could not have been the proximate cause of the injury in this case. "In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result. We cannot say as a matter of law from the evidence in the present case that any one defendant was or was not negligent, or that any particular act, if negligence, was or was not a sole or a concurring proximate cause of the injuries allegedly sustained. Whether there has been negligence and whether there was causal relation to alleged injuries are questions of fact for jury resolution, except when the circumstances are such that they will support but one result. Such was not the case here." (Citations and punctuation omitted.) *Lewis v. Harry White Ford, Inc.*, 129 Ga. App. 318, 320 (199 SE2d 599) (1973).

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED DECEMBER 7, 1989 —

*Chestnut & Livingston, Tom Pye,* for appellants.
*Fain, Major & Wiley, Charles A. Wiley, Jr., Robert M. Nesselroth, Paula M. Rafferty, James J. Thomas II, John L. Watkins,* for appellees.