A96A2468. JOHNSON & JOHNSON et al. v. KAUFMAN et al.
(485 SE2d 525)

RUFFIN, Judge.

Gary Kaufman, individually and as executor of the estate of Amy Kaufman, his deceased wife, sued Johnson & Johnson ("J&J") and Janssen Pharmaceutica, Inc. ("Janssen"), alleging that his wife died as the result of taking the drug Hismanal, an antihistamine prescribed to her for allergies. Janssen, which is a wholly owned subsidiary of J&J, manufactures, markets and distributes Hismanal in the United States. Hismanal is also manufactured and distributed internationally through numerous other J&J subsidiaries. Kaufman contends that at the time of his wife's death, the defendants were aware

of serious dangers associated with Hismanal but failed to warn his wife of the dangers.

The subject of this appeal is a January 18, 1996 discovery order requiring J&J to provide virtually any document from any J&J foreign subsidiary concerning complaints about Hismanal, reports of adverse effects, marketing materials, post-marketing surveillance studies, packaging and labeling, alternative packaging options, risk utility analyses or similar studies, risk studies, drug and food interaction studies, and dosage level studies. The order requires J&J to produce the documents within 60 days and to supplement the production every 90 days. On January 19, 1996, the day after it issued the discovery order, the trial court also issued a protective order that restricted counsel for Kaufman from disseminating any confidential information obtained through discovery to anyone except individuals involved in the instant litigation or individuals involved in other pending litigation concerning Hismanal against the defendants.

J&J requested that the trial court issue a certificate of immediate review because of the sweeping nature of the discovery order. When the trial court failed to issue the certificate, J&J filed a direct appeal. In its appeal, J&J presents questions concerning the relevance of the discovery requests, the burden of producing the documents, and the interests of international comity where the laws of some countries prohibit the production of the requested documents by the foreign subsidiaries. J&J also asserts that the protective order does not adequately protect against widespread dissemination of confidential information.

As compelling as J&J's assertions are, we must first deal with the issues presented by Kaufman's motion to dismiss the appeal based on the argument that the discovery order was not directly appealable. Although we originally denied Kaufman's motion to dismiss the appeal, Kaufman has since moved for reconsideration of that order. For the reasons stated below, we conclude that because the trial court's discovery order was not directly appealable, the defendants' appeal must be dismissed.

We note initially that discovery orders generally are interlocutory and therefore not directly appealable as final judgments. See OCGA § 5-6-34; see also *Cornelius v. Finley*, 204 Ga. App. 299 (418 SE2d 815) (1992). In *Cohen v. Beneficial Indus. Loan Corp.*, 337 U. S. 541 (69 SC 1221, 93 LE 1528) (1949), however, the United States Supreme Court recognized an exception to the final judgment rule for appeal of "collateral orders." *Cohen* was a shareholder derivative action in which the District Court refused to apply a state statute requiring plaintiffs in such actions to post security for costs to be incurred by defendants in the litigation. The Court found that because the trial court's order was conclusive on the issue, the

defendant's right to appeal at the conclusion of the case would arise too late to effectively review the order. Id. at 546. Specifically, the Court stated that the decision fell within that "small class" of orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Id. The Court held the order appealable "because it [was] a final disposition of a claimed right which [was] not an ingredient of the cause of action and [did] not require consideration with it. . . . If the right were admitted or clear and the order involved only an exercise of discretion as to the amount of security, a matter the statute makes subject to reconsideration from time to time, appealability would present a different question." Id. at 546-547.

The Supreme Court of Georgia adopted the collateral order exception to the final judgment rule in *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). *Patterson* involved the trial court's denial of the defendant's plea of double jeopardy, and since that decision our appellate courts have applied the exception to only two other types of trial court orders. In two cases our Supreme Court allowed a direct appeal of trial court orders cancelling a notice of lis pendens. See *Jay Jenkins Co. v. Financial Planning Dynamics*, 256 Ga. 39, 41 (3) (343 SE2d 487) (1986); *Scroggins v. Edmondson*, 250 Ga. 430 (1) (297 SE2d 469) (1982). In another case, this Court applied the collateral order exception in allowing a direct appeal from the trial court's order to produce attorney work product. *Dept. of Transp. v. Hardaway Co.*, 216 Ga. App. 262 (454 SE2d 167) (1995).

In *Hardaway Co.*, a party inadvertently included several pages of a discrepancy log in its response to a request for production of documents. Although the trial court found that the discrepancy log was work product prepared for other litigation, it ordered the party to produce the remainder of the log. We allowed a direct appeal from that order under the collateral order exception to the final judgment rule. As stated in *Hardaway Co.*, the exception applies if the order: "(1) completely and conclusively resolves the issue appealed; (2) concerns an issue which is 'substantially separate' from the basic issues presented in the complaint; and (3) would result in the loss of an important right and is 'effectively unreviewable on appeal.' [Cit.]" Id. at 262 (1). Because we determined that the order in *Hardaway Co.* completely resolved the discovery issue, which was substantially separate from the main claim, and the discrepancy log, once produced, could not be returned to its previous confidential state, we found the exception applied and allowed a direct appeal.

Although the decision in *Hardaway Co.* appears consistent with the Supreme Court of Georgia's earlier applications of the collateral

order exception, conspicuously absent from the discussion in *Hardaway Co.* are any references to the numerous United States Supreme Court cases which address the issue of whether such discovery orders are directly appealable. As our Supreme Court noted in *Scroggins*, the collateral order exception applies to only "the small class of cases that *Cohen* has placed beyond the confines of the final-judgment rule." (Citation and punctuation omitted.) *Scroggins*, supra at 432 (1) (c). Because the issue has not been previously decided by the Supreme Court of Georgia, we must now decide whether, like orders of lis pendens, the discovery orders at issue in *Hardaway Co.* and the instant case also fall within this small class of cases. In *Scroggins*, the Court looked to federal authority for assistance in applying the collateral order exception. Inasmuch as we adopted the collateral order exception from the United States Supreme Court's decision in *Cohen*, supra, we likewise believe that a discussion of the Court's cases which specifically address the appealability of discovery orders is both instructive and necessary to determine whether such discovery orders are directly appealable under Georgia law.

Two of the earlier cases in which the Court addressed the appealability of discovery orders were *United States v. Ryan*, 402 U. S. 530 (91 SC 1580, 29 LE2d 85) (1971), and *Cobbledick v. United States*, 309 U. S. 323 (60 SC 540, 84 LE 783) (1940). In both cases the Court cited numerous policy considerations underlying the final judgment rule and held that discovery orders are not directly appealable. In *Cobbledick*, the Court found that the final judgment rule avoids "the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause." *Cobbledick*, supra at 325.

The Court found that discovery orders are not final orders within the meaning of the final judgment rule and that a party who has been ordered to comply with a discovery request is not without remedy: " 'In a certain sense finality can be asserted of [discovery] orders . . . , so, in a certain sense, finality can be asserted of any order of a court. And such an order may coerce a witness, leaving to him no alternative but to obey or be punished. . . . Let the court go further and punish the witness for contempt of its order, then arrives a right of review, and this is adequate for his protection without unduly impeding the progress of the case. . . .' [Cit.]" Id. at 327.

The rationale that discovery orders are not "final" because a party can refuse to comply and then appeal from a contempt order is not unique to *Cobbledick*. The Court employed the same rationale in

*Ryan*, which was decided more than 20 years after *Cohen*. In *Ryan*, the respondent was served with a subpoena duces tecum commanding him to produce before a federal grand jury all the books and records of five named companies doing business in Kenya. The respondent moved to quash the subpoena on the ground that Kenyan law prohibited removal of the books and records from the country without government consent. The District Court denied the motion, and the Court of Appeals, having found the decision directly appealable, reversed. On appeal to the United States Supreme Court, the respondent argued that "unless immediate review of the District Court's order is available to him, he will be forced to undertake a substantial burden in complying with the subpoena, and will therefore be 'powerless to avert the mischief of the order.' [Cit.]" Id. at 532. The Court responded that "respondent's assertion misapprehends the thrust of our cases. Of course, if he complies with the subpoena he will not thereafter be able to undo the substantial effort he has exerted in order to comply. But compliance is not the only course open to respondent. If, as he claims the subpoena is unduly burdensome or otherwise unlawful, he may refuse to comply and litigate those questions in the event that contempt or similar proceedings are brought against him. Should his contentions be rejected at that time by the trial court, they will then be ripe for appellate review." (Footnotes omitted.) Id.

Federal appellate courts addressing this issue have consistently held that "[a]s a general proposition most orders granting or denying discovery are not final orders within the meaning of section 1291 and therefore are not immediately appealable. [Cits.]" *Rouse Constr. Intl. v. Rouse Constr. Corp.*, 680 F2d 743, 745 (11th Cir. 1982). See also *In the Matter of Intl. Horizons*, 689 F2d 996, 1000-1001 (11th Cir. 1982); but see *Smith v. BIC Corp.*, 869 F2d 194 (3rd Cir. 1989). *Smith*, however, has been criticized for ignoring the United States Supreme Court's precedent and because its blind application of the collateral order exception "has the potential for producing a very large hole in the doctrine limiting review of interlocutory discovery orders" without any conceivable "logical limiting principles." 9 Moore's Fed. Practice, p. 131, Par. 110.13 [2] (2nd ed. 1996).

In light of these decisions, we now conclude that *Hardaway* was wrongly decided and that the order in this case was not directly appealable. Like the federal appellate courts, our own appellate courts recognize the policy considerations which militate against application of the collateral order exception to review such orders. See *Gillen v. Bostick*, 234 Ga. 308, 310-311 (1) (215 SE2d 676) (1975) (" 'The basic policy considerations underlying the limitation that a final judgment is a prerequisite to appealability are the excessive inconvenience and costs occasioned by piecemeal review on the one

hand, and the danger of denying justice by needless delay on the other. . . .' "). Mindful that the resolution of discovery issues is generally within the trial court's broad discretion (see *In re Callaway*, 212 Ga. App. 500, 501 (442 SE2d 309) (1994)), we do not believe that a rule allowing the direct appeal of such orders serves the greater interests of ensuring the effective and efficient administration of justice. It is clear that the United States Supreme Court did not intend for the *Cohen* collateral order exception to be applied in cases such as this or the circumstances under appeal in *Hardaway Co.* See *Ryan*, supra.

Accordingly, we now adopt the United States Supreme Court's rationale "that in the rare case when appeal after final judgment will not cure an erroneous discovery order, a party may defy the order, permit a contempt citation to be entered against him, and challenge the order on direct appeal of the contempt ruling. [Cit.]" *Firestone Tire &c. Co. v. Risjord*, 449 U. S. 368, 377 (101 SC 669, 66 LE2d 571) (1981). We thus overrule *Hardaway Co.*, and find that the instant case was not directly appealable. Kaufman's motion for reconsideration is granted, this Court's September 4, 1996 Order is vacated, and the defendants' appeal is hereby dismissed.

*Appeal dismissed. Andrews, C. J., Pope, P. J., Beasley, Blackburn, and Eldridge, JJ., concur. McMurray, P. J., Birdsong, P. J., Johnson and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I respectfully dissent. The United States Supreme Court cases cited in the majority are federal court decisions applying federal law. *United States v. Ryan*, 402 U. S. 530 (91 SC 1580, 29 LE2d 85) (1971), and *Cobbledick v. United States*, 309 U. S. 323 (60 SC 540, 84 LE 783) (1940), are attempted appeals of federal grand jury subpoenas from the Ninth Circuit. *Firestone Tire &c. Co. v. Risjord*, 449 U. S. 368 (101 SC 669, 66 LE2d 571) (1981), is a civil products liability appeal from the Eighth Circuit. The majority also relies on a number of federal circuit court decisions.

It is well established that state court procedural matters are governed by state and not federal law. "The U. S. Supreme Court settled the issue irrefutably in the case of *Erie R. Co. v. Tompkins*, 304 U. S. 64, 78 (58 SC 817, 82 LE 1188) where it was held that except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the state." *Gormong v. Cleveland Elec. Co. &c.*, 180 Ga. App. 481, 482 (349 SE2d 500) (1986) (service of process). Appellate procedure by its very terms is "procedural." The procedures of this Court are established by the Georgia Constitution and statutes, our Supreme Court, and our rules, not by Congress or the federal courts. "While we are bound by the United

States Supreme Court's interpretation of Rule 56 (c) of the Federal Rules of Civil Procedure, we must, of course, follow the decisions of our own Supreme Court with respect to the meaning of Rule 56 (c) of the Georgia Civil Practice Act, OCGA § 9-11-56 (c). [Cit.]" *First Union Nat. Bank &c. v. J. Reisbaum Co.*, 190 Ga. App. 234, 236 (378 SE2d 317) (1989).

This Court must follow the Supreme Court of Georgia's rule established in *Scroggins v. Edmondson*, 250 Ga. 430, 431 (1) (c) (297 SE2d 469) (1982). *Dept. of Transp. v. Hardaway Co.*, 216 Ga. App. 262 (1) (454 SE2d 167) (1995) is a direct application, not an extension, of the rule established by the Supreme Court of Georgia. The criteria established in *Scroggins* are clearly stated: (1) the order appealed from must completely and conclusively resolve the issue it addresses; (2) that issue must be "substantially separate from the basic issues presented in the complaint"; and (3) "an important right might be lost if review had to await final judgment." 250 Ga. at 432 (1) (c). An interim discovery order releasing a privileged document or protected work product meets all these requirements. *Hardaway Co.*, 216 Ga. App. at 262.

Regardless of the origin or underpinnings of the reasoning employed by our Supreme Court, we cannot look behind its clear announcement of a procedural rule to overrule, amend, or modify it on the basis of federal decisions, regardless of how attractive their reasoning may be in terms of limiting appellate caseload.

For these reasons, I respectfully dissent.

I am authorized to state that Presiding Judge McMurray, Presiding Judge Birdsong and Judge Johnson join in this dissent.

DECIDED MARCH 20, 1997 —
RECONSIDERATION DENIED APRIL 4, 1997 — ▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮ Before Judge Goger.
*Alembik, Fine & Callner, Lowell S. Fine, G. Michael Banick, Zoe I. Martinez*, for appellants.
*Butler, Wooten, Overby & Cheeley, James E. Butler, Jr., Joel O. Wooten, Jr., Downey & Cleveland, Y. Kevin Willliams, Smolar, Roseman, Brantley & Seifter, Yehuda Smolar, G. Grant Brantley, James I. Seifter*, for appellees.