# Court of Appeals
# of the State of Georgia

ATLANTA, September 26, 2018

*The Court of Appeals hereby passes the following order:*

## A19D0084. CROSS CREEK PICTURES, LLC et al. v. BRADLEY LAMAR SCOTT.

In 2016, a wrongful death and survival action was filed in California against several defendants, including Cross Creek Pictures, LLC; Imagine Entertainment, LLC; Quadrant Pictures; and Vendian Entertainment, LLC (collectively, the "Applicants"). In that action, the Applicants filed a subpoena for the deposition of non-party witness Bradley Scott, a Georgia resident. After domesticating the California subpoena in Cherokee County Superior Court, the Applicants filed a motion to enforce the subpoena in that court. Scott then filed, in the same court, a motion to quash the subpoena or for a protective order.

In a single order entered on August 7, 2018, the Cherokee County Superior Court granted each parties' motions in part, as follows: (i) the court "quashe[d] and modifie[d]" the subpoena to allow Scott to be deposed following rulings on then-pending motions to dismiss and to disqualify counsel in a related federal action; (ii) the court quashed the subpoena with respect to certain limited topics identified in the court's order; (iii) the court conditioned the production of confidential documents and testimony by Scott on the entry of a protective order on terms set forth in the court's order; and (iv) the court ordered the Applicants to issue and serve a new subpoena that complies with the court's order. The court also rejected the Applicants' request for a certificate of immediate review. The Applicants then filed this

application for discretionary review, seeking to appeal the August 7 order. We lack jurisdiction.

By its very terms, the order that the Applicants seek to appeal is a non-final order, and this proceeding remains pending before the Cherokee County Superior Court. Consequently – and setting aside whether the August 7 order otherwise is subject to the discretionary appeal procedures – the Applicants were required to use the interlocutory appeal procedures, including obtaining a certificate of immediate review from the Cherokee County Superior Court, to obtain appellate review. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Moreover, to the extent the Applicants seek review of the denial of their request for a certificate of immediate review, that is not an appealable ruling. See *Price v. State*, 237 Ga. 352, 352-353 (2) (227 SE2d 368) (1976).

In a footnote in their application brief, the Applicants briefly contend that this Court should "exercise its discretion to bypass the interlocutory appeal certificate requirement" under *Waldrip v. Head*, 272 Ga. 572 (532 SE2d 380) (2000). The Applicants' reliance on *Waldrip* is premised on the Supreme Court's observation that, "on rare occasions," it "has assumed jurisdiction to consider an appeal despite the absence of a final judgment or a certificate of immediate review from the trial court" in "exceptional cases that involve an issue of great concern, gravity, and importance to the public and no timely opportunity for appellate review." *Waldrip*, 272 Ga. at 575 (1). Pretermitting whether the "inherent power" to hear such appeals extends to this Court, the Applicants have cited no authority supporting their conclusory suggestion that this discovery dispute "involve[s] an issue of great concern, gravity, and importance to the public."[1] See id. at 575-576 (1); compare *Johnson & Johnson*

---

[1] We do not consider the Applicants' alternative argument – belatedly raised for the first time in their reply brief – that the trial court's order potentially may be directly appealable under the collateral order doctrine. See *City of Atlanta v. Mays*,

*v. Kaufman*, 226 Ga. App. 77, 81-82 (485 SE2d 525) (1997) (permitting direct appeals of discovery orders would not "serve[] the greater interests of ensuring the effective and efficient administration of justice"). Consequently, absent a timely certificate of immediate review, we lack jurisdiction over this application, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); *Boyd*, 191 Ga. App. at 435.

The Applicants' emergency motion under Court of Appeals Rule 40 (b) for an expedited appeal is DENIED as MOOT. The Applicants' motion for reconsideration of this Court's September 20, 2018 order denying their motion for modification of supersedeas likewise is DENIED as MOOT.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  09/26/2018     *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

301 Ga. 367, 372 (3) (801 SE2d 1) (2017) ("An appellant who raises an argument for the first time in a reply brief is not entitled to have that argument considered.").