# Court of Appeals
# of the State of Georgia

ATLANTA,  May 10, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0309. DAVID DAVIS v. YAMILLE CORREDOR RODRIGUEZ.**

In this pending divorce action, David Davis sought to depose his wife, Yamille Corredor Rodriguez, and she filed a motion for a protective order under OCGA § 9-11-26. The trial court granted Rodriguez's motion for a protective order, awarded her attorney fees under OCGA § 9-11-37, and indicated that the case would be set for a final hearing. Proceeding pro se, David Davis seeks discretionary review of the trial court's order.[1] We lack jurisdiction.

The order Davis seeks to appeal is not a final order under OCGA § 5-6-34 (a) as the case remains pending below. See *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 78-82 (485 SE2d 525) (1997) (noting that discovery orders generally are interlocutory and therefore not appealable as final judgments, nor are they appealable as collateral orders); *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995) ("Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."). In order to appeal such an order, an applicant must comply with the interlocutory appeal procedure and obtain a certificate of immediate review. OCGA § 5-6-34 (b). Although Davis has filed a discretionary application, as required to comply with OCGA § 5-6-35 (a) (2), when an appeal is both discretionary and interlocutory, "[t]he

---

[1] The trial court's order was issued on March 4, 2021, but Davis sought and obtained an extension to file this application. See Case No. A21E0039 (March 30, 2021).

discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)." *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). Davis's failure to follow the proper appellate procedure deprives us of jurisdiction to consider his application. See id. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/10/2021*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*                        , Clerk.