# Court of Appeals
# of the State of Georgia

ATLANTA, __April 07, 2022__

*The Court of Appeals hereby passes the following order:*

### A22A1049. M.C. TANK TRANSPORT, INC. et al. v. EVENDA RENAE STEPHENS et al.

Anthony and Elysea Stuckey, together with their two children, were killed when a tractor-tanker truck, owned by M. C. Tank Transport, Inc. and operated by M. C. Tank employee Derrick Thomas, rear-ended the Stuckeys' car. The personal representatives and court-appointed administrators of the Stuckeys' estates[1] then filed the current lawsuit against a number of defendants, including M. C. Tank and Thomas. During discovery, M. C. Tank filed an untimely motion for a protective order with respect to documents previously produced pursuant to a subpoena served on the company's insurance agent. The appellees filed a motion seeking a medical exam (including an overnight sleep test) of Thomas. In a single order, the trial court denied the motion for a protective order and granted the motion seeking a medical exam of Thomas. After the trial court refused their request for a certificate of immediate review, M. C. Tank and Thomas filed the current appeal from the trial court's discovery order. The appellees have moved to dismiss the appeal, arguing that this Court lacks jurisdiction. We agree.

As a general rule, a right of direct appeal lies only from a final judgment — that is, where the case is no longer pending below. OCGA 5-6-34 (a) (1). See also *State v. White*, 354 Ga. App. 214, 215 (840 SE2d 697) (2020) ("[g]enereally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no

---

[1] Collectively, "the appellees."

further recourse in the trial court") (citation and punctuation omitted). Here, the trial court's ruling on the discovery motions does not constitute a final order under OCGA 5-6-34 (a), as the case remains pending below. See *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 78-82 (485 SE2d 525) (1997) (holding that discovery orders are, as a general rule, interlocutory and therefore not directly appealable); *General Motors Corp. v. Hammock*, 255 Ga. App. 131, 131-132 (564 SE2d 536) (2002) (same).

Moreover, and despite the arguments of M. C. Tank and Thomas to the contrary, the order at issue is not subject to direct appeal as a collateral order. "The collateral order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." *Eidson v. Croutch*, 337 Ga. App. 542, 544 (788 SE2d 129) (2016) () (citation and punctuation omitted). Thus, because discovery rulings are not separate from the merits of the case and are reviewable on appeal from a final judgment they do not, as a general rule, constitute collateral orders. See *Drain v. Lee*, 350 Ga. App. 327, 327 (825 SE2d 927) (2019).  To the extent that the ruling requiring Thomas to undergo a medical exam represents one of those "rare case[s] [where an] appeal after final judgment will not cure an erroneous discovery order," we note that "a party may defy the order, permit a contempt citation to be entered against him, and challenge the order on direct appeal of the contempt ruling.'" *Johnson & Johnson*, 226 Ga. App. at 82 , quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U. S. 368, 377 (II) (101 SCt 669, 66 LE2d 571) (1981).[2]

_____

[2] In arguing that the discovery order is subject to direct appeal, M. C. Tank and Thomas rely on *Hickey v. RREF BB SBL Acquisitions*, LLC, 336 Ga. App. 411, 413 (1) (785 SE2d 72) (2016). This reliance is misplaced. *Hickey* involved post-judgment discovery served on a third-party. The trial court denied the third-party's motion to quash the subpoena served on her, and this Court held that such an order was directly appealable as a final order, reasoning that "a third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." 336 Ga. App. at 413 (1). Thus, *Hickey* does not apply where, as here, one party seeks a protective order against another party — i.e, where the discovery order in question is directed

Given that the order in question is not directly appealable, M. C. Tank and Thomas were required to follow the interlocutory appeal procedure set forth in OCGA 5-6-34 (b). Their failure to do so deprives this Court of jurisdiction. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016); *Eidson*, 337 Ga. App. at 543. Accordingly, the appellees' motion to dismiss is hereby GRANTED and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __04/07/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

at one or more parties to the action.