# Court of Appeals
# of the State of Georgia

ATLANTA,  April 22, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1186. EAGLE RANCH, INC. et al. v. MICHAEL DOE, A MINOR, BY HIS NEXT FRIEND AND NATURAL GUARDIAN, B.H. et al.

Plaintiffs Michael Doe, a minor, and his parents, filed an action against Eagle Ranch, Inc. and Eagle Ranch Foundation, Inc., alleging that Doe was sexually abused by an adult staff member while residing at Eagle Ranch's facility, a residential program for children with emotional or behavioral problems. Plaintiffs sought discovery from Eagle Ranch and served subpoenas on seven state entities seeking information related to any prior sexual abuse or sexual misconduct involving children at the facility. The defendants moved for a protective order and to quash the subpoenas, and the trial court entered a protective order to which the parties consented.  Plaintiffs served its subpoeonas, and defendants filed an emergency motion for protective order, after which the parties agreed to additional limitations on the scope of the discovery sought in the subpoenas. Defendants then filed a motion for reconsideration of the trial court's order.

In its "Order on Discovery Motions," the trial court denied the defendants' motions and ordered the production of the discovery sought in accordance with its order, conditioned upon compliance with OCGA § 49-5-41 (a) (11).[1] The defendants

---

[1] OCGA § 49-5-41 (a) (11) provides, in pertinent part, that a court shall have reasonable access to records concerning reports of child abuse, and "by subpoena that is filed contemporaneously with a motion seeking records and requesting an in camera inspection of such records, may make such records available to a party seeking such

filed the instant notice of appeal, asserting that the order at issue, although interlocutory, is a collateral order and thereby entitles them to a direct appeal. Plaintiffs have filed a motion to dismiss the appeal, challenging defendants' position.[2] We agree with plaintiffs and dismiss the appeal.

The collateral order doctrine applies if the order to be appealed "(1) resolves an issue that is 'substantially separate' from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it."[3] Traditionally, the collateral order doctrine has not applied to discovery orders because they may be reviewed upon final judgment, "or a party may defy the order, permit a contempt citation to be entered against him, and challenge the order on direct appeal of the contempt ruling."[4] In *Hickey v. RREF BB SBL Acquisitions*,[5] we held that the collateral order doctrine may apply to a discovery order that is "directed at a disinterested third party[,]"[6] but the defendants, however, are not disinterested parties.

> The Supreme Court has limited the collateral order doctrine to
> a very small class of interlocutory rulings [that] are effectively final in
> that they finally determine claims of right separable from, and collateral

---

records . . . [if] [a]fter an in camera inspection of such records, the court finds that access to such records appears reasonably calculated to lead to the discovery of admissible evidence[.]"

[2] Defendants requested a certificate of immediate review, which the trial court did not issue.

[3] *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007).

[4] (Citation and punctuation omitted.) *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 82 (485 SE2d 525) (1997).

[5] 336 Ga. App. 411 (785 SE2d 72) (2016).

[6] Id. at 413.

to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.[7]

This is not such a case. Accordingly, we hereby GRANT plaintiffs' motion to dismiss, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 04/22/2024

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*

---

[7] (Citation omitted.) *Duke v. State*, 306 Ga. 171, 172-173 (1) (829 SE2d 348) (2019).