# Court of Appeals
# of the State of Georgia

ATLANTA,  May 20, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1818. LEE ANNE ADCOCK JOHNSON v. JAMES ADCOCK et al.

Lee Anne Adcock Johnson, the plaintiff in this shareholder dispute, filed the instant direct appeal of the trial court's March 5, 2025 order compelling her to respond to discovery and awarding the defendants attorney fees. The defendants have filed a motion to dismiss the appeal, arguing that the order is subject to the interlocutory appeal procedures. We agree.

Appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." OCGA § 5-6-34 (a) (1); see *Paine v. Nations*, 301 Ga. App. 97, 99 (1) (686 SE2d 896) (2009). The trial court's order here was not final because it did not resolve Johnson's claims or the defendants' counterclaims. Indeed, "discovery orders generally are interlocutory and therefore not directly appealable as final judgments." *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 78 (485 SE2d 525) (1997). Although Johnson states in her notice of appeal that she is appealing a contempt order, which would be directly appealable under OCGA § 5-6-34 (a) (2), the March 5 order did not hold her in contempt.

Because this case remains pending below, Johnson was required to comply with the interlocutory appeal procedures, including obtaining a certificate of immediate review, to appeal the trial court's order. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga.

App. 435, 435 (383 SE2d 906) (1989). Johnson's failure to do so deprives us of jurisdiction over this appeal. Thus, the defendants' motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/20/2025

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] In their motion to dismiss, the defendants also request that this Court impose frivolous appeal penalties on Johnson. This request is hereby DENIED. However, we caution Johnson and her counsel that any future frivolous filings in this Court may result in the imposition of sanctions. See Court of Appeals Rule 7 (e) (2).