ARCHIBALD HOWELL, plaintiff in error, *vs.* J. B. GLOVER, defendant in error.

No issuable defense is required to be filed on oath in an an action *ex contractu* in the justice court. Therefore none is required in such case when carried by appeal to the superior court, and judgment will only be entered upon a verdict rendered.

Practice. Jurisdiction. Justice Courts. Appeals. Before Judge LESTER. Cobb Superior Court. March Term, 1877.

Reported in the decision.

IRWIN, McCLATCHY & IRWIN, for plaintiff in error.

W. T. & W. J. WINN, for defendant.

WARNER, Chief Justice.

This case came before the court below on an appeal from a justice court. The plaintiff sued the defendant on a promissory note for $100.00, with interest at the rate of 12 per cent. per annum. There being no defense, the justice gave judgment for the plaintiff for the amount of the note. The defendant entered an appeal to the superior court. When the case was called in the superior court, there not having

been any issuable defense filed on oath, either in the justice court or in the superior court, and it having been made to appear to the satisfaction of the court that the appeal was frivolous and intended for delay only, the court rendered judgment for the principal of the note, with interest, and twenty per cent. damages for a frivolous appeal intended for delay only. The plaintiff made a motion for a new trial on the several grounds therein stated, which was overruled by the court, and the defendant excepted.

The main ground of error insisted on here, was that the court rendered judgment for the twenty per cent. damages without the intervention of a jury. How is an appeal from a justice court to the superior court to be tried? The 3630th section of the Code declares that *all* appeals to the superior court shall be tried by a *special jury*, at the first term after the appeal has been entered, unless good cause be shown for continuance. But it is insisted that the court may render a judgment for damages in an appeal case from a justice court, when there has been no issuable defense filed on oath, under the provisions of the 3631st section of the Code and the acts of 1868, without the intervention of a jury. By the constitution of 1868, there can be no appeal from the decision of a justice of the peace to a *jury*, except as therein provided, but it is therein provided that in cases where the sum claimed is more than fifty dollars, there may be an appeal to the superior court, under such regulations as may be prescribed by law, and the Code prescribes, as we have already shown, that all appeals to the superior court shall be tried by a special jury, thereby securing the right of trial by jury in all cases in which the sum claimed is more than fifty dollars. We are not aware of any law in this state which requires a defendant in a justice court to make oath to his issuable defense in that court before he can avail himself of it, and why should that restriction be imposed on him in the appellate court? By what authority is he required to make an oath to his issuable defense in the appellate court, which he was not required to do in the justice court? In

order to preserve the right of trial by jury, as contemplated by the constitution, the safer and better rule, in our judgment, is to hold that the trial of appeal cases from a justice court in the superior court, including the facts which will authorize the assessment of damages, should be tried by a special jury, and not by the court, and that is the interpretation which we give to the existing law of the state applicable to that question.

Let the judgment of the court below be reversed.