## BOOZ v. BATTY.

After the defendant in a suit upon a promissory note, brought and tried in a justice's court, has established in that court the defence of payment, failure to reduce the defence to writing before the jury is stricken in the superior court to try an appeal taken by the plaintiff, will not preclude the filing of a proper plea of payment then tendered, unless it affirmatively appears that some injustice will be done the plaintiff by allowing the plea to be filed.   Where, on the contrary, it affirmatively appeared that the same defence sought to be set up by the plea was litigated in the justice's court, it was error not to permit the plea to be filed.   This ruling is made in full view of the acts of Sept. 26th, 1883 (Acts 1882–3, p. 103), Oct. 15th, 1885 (Acts 1884–5, p. 97), and Oct. 16th, 1891 (Acts 1890 1, p. 111).                          *Judgment reversed.*

August 6, 1894.

Appeal.   Before Judge HENRY.   Polk superior court. August term, 1893.

Suit was brought in justice's court on three promissory notes. Defendant had judgment in each, and appeals were taken to the superior court, where the cases were consolidated. Plaintiff moved for judgment in his favor, because the suits were upon unconditional contracts and no written plea had been filed in the justice's court. Thereupon defendant offered a written plea setting up the defence of payment; and offered to show to the court that the defence therein set forth was made to the suits in the justice's court, and that no point or objection was made there on the ground that the defence was not reduced to writing. This was overruled by the court, the plea disallowed, and judgment for plaintiff rendered.

A. RICHARDSON, BLANCE & FIELDER and COLVILLE & NOYES, for plaintiff in error. IRWIN & BUNN, contra.