## MONTGOMERY *v.* FOUCHE *et al.* (Two cases.)

1. "The pendency of a proceeding to foreclose a mortgage, whether upon realty or personalty, is no hindrance to a regular action upon the notes to secure which the mortgage was given."
2. When a suit is brought on an unconditional contract in writing, in a justice's court, and the defendant appears at the first term and files a plea, and the case is appealed to the superior court and such plea is there stricken, it is error for the judge to enter judgment against the defendant without the verdict of a jury.

Submitted January 20,—Decided March 22, 1906.

Appeal.   Before Judge Henry.   Floyd superior court.   January 27, 1905.

*Henry Walker,* for plaintiff in error.   *R. T. Fouché,* contra.

FISH, C. J.   Sproull Fouché and H. T. Reynolds, as holders of a promissory note executed by Mrs. A. A. Montgomery, brought suit thereon against her in a justice's court. The defendant pleaded in abatement the pendency of proceedings in the superior court instituted by plaintiffs to foreclose a mortgage on realty given to

secure the payment of the note sued on, and alleged in her plea, that, by reason of the pendency of such proceedings, the action in the justice's court was brought in bad faith, and that she had thereby been put to unnecessary trouble and expense; and she prayed judgment against the plaintiffs for her counsel fees. The case was appealed to the superior court, how or by whom the record fails to disclose. On motion of plaintiffs' counsel, the plea was stricken by the judge of the superior court, who then rendered judgment against the defendant, without the verdict of a jury, for the principal and interest due on the note, and for costs. Defendant excepted, assigning error upon the striking of her plea and upon the rendition of a judgment against her by the judge, without the verdict of a jury.

1. "Upon principle, as well as authority, the pendency of pro-. ceedings to foreclose a mortgage, whether upon realty or personalty, is no hindrance to a regular action on the notes to secure which the mortgage was given. The two actions are unlike, the causes of action are not the same, and the results are dissimilar." *Juchter* v. *Boehm,* 63 *Ga.* 71, 74. Therefore the court did not err in striking the plea in abatement.

2. In *Howell* v. *Glover,* 59 *Ga.* 774, it was held: "No issuable defense is required to be filed on oath in an action ex contractu in the justice court. Therefore none is required in such case when carried by appeal to the superior court, and judgment will only be entered upon a verdict rendered." It was held in *Seibels* v. *Hodges,* 65 *Ga.* 245: "Where it appears upon the face of the papers presented to the court, in a proceeding by scire facias to revive a judgment, that the original judgment was rendered in an appeal case by the court without the verdict of a jury, it is not error to dismiss the same upon the ground that it was illegal and void, and therefore could not be revived." And in *Blain* v. *Hitch,* 70 *Ga.* 275, it was said: "Appeals from a justice court to the superior court should be tried by a jury, and a judgment by the court would have been illegal had the case not been submitted to the judge by consent." From the opinion in *Howell* v. *Glover,* supra, we quote: "How is an appeal from a justice court to the superior court to be tried? The 3630th section of the Code declares that *all* appeals to the superior court shall be tried by a *special* jury, at the first term after the

appeal has been entered, unless some good cause be shown for a continuance. . . We are not aware of any law in this State which requires a defendant in a justice court to make oath to his issuable defense in that court before he can avail himself of it; and why should that restriction be imposed on him in the appellate court? By what authority is he required to make oath to his issuable defense in the appellate court, which he was not required to do in the justice court? In order to preserve the right of trial by jury as contemplated by the constitution, the safer and better rule, in our judgment, is to hold that the trial of appeal cases from a justice court in the superior court, including the facts which will authorize the assessment of damages, should be tried by a special jury, and not by the court, and that.is the interpretation which we give to the existing law of the State applicable to that question." Under the Civil Code (1895), §4472, "All appeals to the superior court shall be tried by a jury at the first term after the appeal has been entered, unless good cause be shown for continuance." The only change made in section 3640 of the Code of 1873, cited in *Howell* v. *Glover,* supra, is that appeals are not now tried by a *special* jury. There is no law now which requires a defendant in a justice's court to make oath to his issuable defense in that court before he can avail himself of it. Nor is he required to file a written plea in that court to an action upon an unconditional contract in writing (*Booz* v. *Batty,* 94 *Ga.* 669; *Heyward* v. *Field,* 95 *Ga.* 714); though he must make his defense in such a case at the first term. Civil Code, §4134. If in response to the summons he appear and mark his name, or the name of his counsel, on the docket, it is equivalent to filing the plea of the general issue; it is a making of his defense at the first term. *Heyward* v. *Field,* supra. When the case is appealed to the superior court, the defendant is required to reduce his defenses, other than the general issue, to writing before the case proceeds to trial in that court. Civil Code, §4139. The Civil Code, §4141, provides: "In all cases in a justice's court where an appeal can be entered to a jury in the superior court, it shall be lawful for such appeal to be entered to a jury in either the justice court or the superior court; any case appealed to a jury in one court shall not be appealed to a jury in the other court." The defendant was entitled to a jury trial, and therefore it was error for the judge to render judgment

for the plaintiff on the ground that no issuable defense had been filed under oath.　*Judgment reversed.　All the Justices concur.*