### 17709.   PENCE *v.* THE STATE.

A conviction of perjury was warranted by the evidence, which authorized a finding that the accused, in the trial of a suit against him in a justice's court, upon a promissory note purporting to have been signed by him, wilfully testified falsely that he did not sign the note and had never before seen it. It is immaterial in the instant case whether a written plea of non est factum was filed in the justice's court.

The court did not err in giving in charge section 1017 of the Penal Code (1910) as to the number of witnesses necessary to convict of perjury and certain other offenses, although a part of the section was not applicable to the case. The court gave additional instructions on this subject which were perfectly fair to the defendant.

DECIDED JANUARY 11, 1927. REHEARING DENIED FEBRUARY 23, 1927.

Perjury; from Walker superior court—Judge Maddox. October 1, 1926.

*Norman Shattuck,* for plaintiff in error.

*J. F. Kelly,* solicitor-general, *M. N. Andrews, Rosser & Shaw,* contra.

LUKE, J. The defendant was convicted of perjury. He excepts to the judgment overruling his motion for a new trial. The evidence shows that he was being sued in a justice's court, on a note signed by him. The case came on for trial in that court, and the defendant, after being sworn "to tell the truth, the whole truth, and nothing but the truth in that case," stated under oath and in the trial of that case that he did not sign the note and never saw it

---

Perjury, 30 Cyc. p. 1449, n. 69; p. 1450, n. 78.

before. There was ample evidence that he did sign the note, and that his sworn testimony to the contrary was false. The testimony given by him was on a material issue in the case on trial, it relating to his signature to the note on which the suit was based. A careful study of the record shows that the evidence was sufficient to authorize the jury to find that he wilfully testified falsely, under oath, in a judicial proceeding, on an issue material to the cause under investigation, which testimony was given with intent to conceal the truth; and that such testimony could have influenced (whether it did or not) the decision of the court on a material issue in the case.

The court did not err, as alleged in ground 4 of the motion for a new trial, in giving in charge section 1017 of the Penal Code, pertaining to the number of witnesses necessary to convict. Parts of that section are not applicable to the case under consideration, but it would have been impracticable and improper to eliminate the part which was inapplicable. The court properly gave the whole section in charge and stated to the jury that parts of the section were inapplicable. Furthermore, reference to the charge shows that the judge was perfectly fair to the defendant in charging on the evidence necessary to convict. He instructed the jury: "Before you could convict in this case, there must be two witnesses that swear to the material parts of the indictment. You can not convict upon the testimony of one witness alone. It must be two or more. . . The intent to testify falsely and the falsity of the testimony must both appear to authorize a conviction of perjury. In every case of perjury it is essential to a conviction that it should be proved beyond a reasonable doubt that a false oath was knowingly and wilfully taken."

The charge of the court was sufficiently full and fair to withstand the attack made upon it in grounds 5, 6, 7, and 8 of the motion for a new trial.

Grounds 9, 10, and 11 of the motion are but elaborations of the general grounds, and are without merit. On the issue involved in the instant case it is immaterial whether or not the defendant filed a written plea in the justice's court case in which he is alleged to have sworn falsely. Ordinarily no defense is required to be filed in writing in a suit on a note in a justice's court. *Montgomery* v. *Fouché*, 125 *Ga.* 43, 45 (52 S. E. 757), and cit. The defendant ap-

peared and went into the trial of that case. The justice swore that the case was docketed, that "that case came on for trial," that he (the J. P.) was presiding in the case, and that the defendant was a witness in his own behalf, and was duly sworn. Unquestionably the evidence showed a judicial proceeding.

The evidence authorized the verdict, no reversible error of law appears, and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*