## 65088. SMITH v. SMITH et al.

CARLEY, Judge.

The instant appeal arises out of a year's support proceeding instituted by appellant as the widow of Edward Smith. The pertinent facts are as follows: Prior to their marriage, appellant and Edward Smith entered into an ante-nuptial agreement. The Smiths remained residents of Florida after their marriage, although Mr. Smith subsequently purchased real property in Rabun County, Georgia. After the death of Mr. Smith, ancillary probate proceedings were commenced in Rabun County pursuant to Edward Smith's will in Florida. Appellant then filed an application for a year's support in Rabun County, which was caveated by appellees. A hearing was held in the Probate Court of Rabun County on the issues raised by the caveat and judgment was entered for appellant. Appellees then appealed to the Rabun County Superior Court. Appellant filed a document in the superior court containing her statement as to certain facts and "issues for consideration by [the] Court prior to trial." In apparent response, appellees filed a document containing their own "stipulation of facts" and "question[s] of law." The next item which appears in the record is an order of the superior court reciting that the case had "been submitted to this Court on stipulated facts and questions of law." The superior court's order held that the ante-nuptial agreement was valid and binding and that the "right of [appellant] to recover from the estate of Edward W. Smith is limited by the Ante-Nuptial Agreement which is dated November 7, 1977."

Appellant filed a motion seeking to clarify this order. The main point sought to be clarified was whether or not the order was a final one disposing of all factual issues, including appellant's defenses to the underlying enforceability of the agreement, such as "fraud, duress, or misrepresentation or non-disclosure of material facts." The superior court did not so clarify, intimating that the order was final but also certifying it for immediate review. While this certificate of immediate review was filed within 10 days of the entry of the order, no application for appeal was made to this court. Subsequently, within 30 days of the entry of the order, appellant filed this direct appeal.

1. OCGA § 5-6-34 (a) (1) (Code Ann. § 6-701) provides as follows: "Appeals may be taken to the Supreme Court and the Court of Appeals from the following judgments and rulings of the superior courts, the Constitutional city courts or tribunals from which appeals are authorized by the Constitution and laws of this State: All final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35." While the

instant order does not "by its terms grant judgment to the appellee, it does [purport to] resolve all of the issues in the case, and [to be] the trial court's final ruling in the matter. This leaves the appellant with no further recourse in the trial court. For these reasons, we hold that 'the cause is no longer pending in the court below,' and that the order is accordingly a final judgment for purposes of appeal." *Herring v. Herring,* 143 Ga. App. 286 (1) (238 SE2d 240) (1977). See also *Caswell v. Caswell,* 157 Ga. App. 710 (278 SE2d 452) (1981).

2. Appellant asserts that the trial court erred in failing to submit the case to a jury and in entering final judgment.

OCGA § 5-3-29 (Code Ann. § 6-501) provides: "An appeal to the superior court from a justice of the peace court or probate court, and in any other case where not otherwise provided by law, is a de novo investigation. It brings up the whole record from the court below; and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. *Either party is entitled to be heard on the whole merits of the case."* (Emphasis supplied.) OCGA § 5-3-30 (Code Ann. § 6-601) provides: "All appeals to the superior court *shall be tried by a jury* at the first term after the appeal has been entered unless good cause is shown for continuance." (Emphasis supplied.)

We must first note that, as stated above, the trial court's order from which this appeal is taken was not invoked by any motion whatsoever of either party. The order, however, apparently purported to dispose of all issues in the case. To the extent that the order might be construed as the grant of summary judgment to appellees, the trial court erred, no motion for summary judgment pursuant to OCGA § 9-11-56 (Code Ann. § 81A-156) having been made by either party. Neither party, especially appellant to whose interest the order is adverse, had the requisite notice that the court would enter a final judgment in the case. As is demonstrated by the transcript of the hearing on appellant's motion to clarify the order, she did not have a full and fair opportunity to show the existence of genuine issues of material fact which remained with regard to the enforceability of the ante-nuptial agreement. Therefore, to the extent the trial court's order constitutes, in effect, the grant of summary judgment sua sponte to appellees, it is erroneous and must be reversed. OCGA § 9-11-56 (Code Ann. § 81A-156). Compare *Cruce v. Randall,* 152 Ga. App. 183 (262 SE2d 488) (1979). See also 6 Moore's Federal Practice § 56.12 p. 56-338 concerning summary judgment sua sponte pursuant to Rule 56 of the Federal Rules of Civil Procedure, which is almost identical to OCGA § 9-11-56 (Code Ann. § 81A-156).

It is urged, however, that a jury trial had been waived by the

parties and that the entire case had been submitted for a bench trial. Apparently the trial court acted in the belief that such was the case. OCGA § 9-11-39 (a) (Code Ann. § 81A-139) states: "The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, may consent to trial by the court sitting without a jury." The parties here did file certain documents in the case containing their respective recitation of certain facts and the legal questions involved in the case. However, the very language of the document filed by appellant, which is quoted above, demonstrates that, whatever that document was, a trial was anticipated. There is absolutely nothing of record indicating that the parties made such a written or an oral stipulation as would authorize the trial judge to decide all issues of fact as existed in the case, thereby waiving their right to a jury trial. See *Redding v. Commonwealth of America,* 143 Ga. App. 215 (237 SE2d 689) (1977). Accordingly, there being no waiver, appellant was entitled to a trial by jury as to the "de novo investigation" which was necessitated by appellees' appeal from the probate court.

There is nothing in the record before us which would authorize the entry of the trial court's final order in the instant case. The trial court therefore erred in failing to give "the parties an opportunity to try the case on its merits." *Etheridge v. Etheridge,* 242 Ga. 101, 104 (249 SE2d 569) (1978). See also *Blain v. Hitch,* 70 Ga. 275 (1883); *Montgomery v. Fouche,* 125 Ga. 43 (2) (53 SE 767) (1906).

*Judgment reversed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 24, 1983.

*John M. Brown,* for appellant.
*Knox Bynum, John A. Dickerson,* for appellees.