A02A0849. GENERAL MOTORS CORPORATION v. HAMMOCK.
(564 SE2d 536)

ANDREWS, Presiding Judge.

We consider Keith Hammock's motion to dismiss the appeal of General Motors Corporation from a discovery order which General Motors contends is directly appealable pursuant to the collateral order doctrine. *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982) (direct appeal of denial of plea of double jeopardy); *Scroggins v. Edmondson*, 250 Ga. 430, 431 (1) (c) (297 SE2d 469) (1982) (direct appeal of cancellation of lis pendens notice).

Hammock filed the underlying wrongful death action against General Motors and other defendants, alleging product liability and other causes of action arising from a claimed defect in the design/manufacture of the 1995 Geo Prism automobile.

Discovery ensued, and the trial court, after in camera inspection of 12 boxes of evidence which General Motors contended was privileged, ordered the production by General Motors of numerous documents, including the June 29, 1973 Ivey Memo, entitled "Value Analysis of Auto Fuel Fed Fire Related Fatalities." General Motors then filed its notice of appeal in the trial court,[1] which Hammock seeks to dismiss.

As acknowledged by General Motors, *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77 (485 SE2d 525) (1997), a six-to-four full court decision, is a major impediment to its argument that this discovery dispute is directly appealable. In that case, a majority of this Court adopted the United States Supreme Court's rationale in finding discovery disputes not subject to the collateral order doctrine. As stated in *Johnson & Johnson*, " 'in the rare case when appeal after

---

[1] General Motors' request for a certificate of immediate review was denied.

final judgment will not cure an erroneous discovery order, a party may defy the order, permit a contempt citation to be entered against him, and challenge the order on direct appeal of the contempt ruling. (Cit.)' *Firestone Tire &c. Co. v. Risjord*, 449 U. S. 368, 377 (101 SC 669, 66 LE2d 571) (1981)." Id. at 82.

General Motors further argues that, based on *In re Paul*, 270 Ga. 680 (513 SE2d 219) (1999), because the work product rule protects the attorney as well as the client, this matter should be considered directly appealable because it involves a nonparty, the attorney. *In re Paul*, however, involved a reporter issued a subpoena by a grand jury seeking unpublished notes about an interview with an accused murderer. Both the State and the accused wanted to ask the reporter questions and, at the trial court's direction, submitted written interrogatories in the criminal proceeding. In response, Paul asserted the reporter's privilege, OCGA § 24-9-30. The trial court ordered Paul to answer interrogatories of both parties. In this context, the Supreme Court concluded that

> [b]ecause of the collateral nature of the reporter's privilege issue in most cases, we conclude that reporters *who are not parties in the underlying action* should not have to wait until the case is concluded before appealing an order that requires them to disclose information. The disclosure order typically is a final decision concerning the news reporter. In this case, for example, the order rejecting the privilege claim and compelling Paul to answer the interrogatories is *a final order concerning him as a non-party, unlike the usual discovery order*. Moreover, the issue of whether a reporter should be compelled to reveal information is separate from the principal issue in a criminal trial of whether the accused is guilty of the crime charged in the indictment. Furthermore, the public interest in a free press would be irreparably harmed if review of the order compelling disclosure had to await a jury verdict in the murder case. Either the reporter would have already revealed the information or been imprisoned for failing to obey the disclosure order. Therefore, *we hold that non-parties engaged in news gathering may file a direct appeal of an order denying them the statutory reporter's privilege under the collateral order exception to the final judgment rule.*

(Emphasis supplied.) *In re Paul*, supra at 683.

Here, the order sought to be appealed is directed to a party, directly related to the merits of the pending litigation, and there is no

countervailing public interest as with the reporter's privilege. We find General Motors' argument unpersuasive.[2]

Therefore, this Court is without jurisdiction to consider this appeal, and it is dismissed.

*Appeal dismissed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 18, 2002 — 

*Adams, Barfield, Dunaway & Hankinson, David B. Dunaway,* for appellant.

*Richard H. Bishoff, Alonzo J. Bentley, Jr.,* for appellee.

---

[2] See *Richardson-Merrell, Inc. v. Koller,* 472 U. S. 424 (105 SC 2757, 86 LE2d 340) (1985) (order disqualifying counsel is not subject to the collateral order doctrine).

