S07D1339. MILLER v. MILLER.
(646 SE2d 469)

ORDER OF THE COURT.

Applicant filed this application for discretionary appeal seeking review of the trial court's April 18, 2007 order entered in the parties' underlying divorce action. Although the order is entitled a Final Judgment and Decree of Divorce, the court reserves in paragraphs 12

---

and 13 of its order the right to review the parties' submissions regarding eligibility for and reimbursement of certain government benefits allegedly obtained improperly.

Although this Court clearly has subject matter jurisdiction over the appeal given that it was taken from a judgment and decree of divorce, see 1983 Ga. Const., Art. VI, Sec. VI, Par. III (6), paragraphs 12 and 13 providing 90 days for action by the parties (the propriety of which action would be open to review by the trial court) make this appeal interlocutory in nature. See *Carr v. Carr*, 238 Ga. 197 (232 SE2d 69) (1977) ("Where a divorce is granted . . . by an order which leaves other issues for decision in the trial court, it is an interlocutory, not a final, order"); see also *Black v. Sturdivant*, 131 Ga. App. 698 (206 SE2d 526) (1974) (order entering judgment against a defendant but reserving to the plaintiff a right to present evidence as to unliquidated damages leaves the case pending such that an appeal is premature). Therefore, the applicant was required to follow the interlocutory appeal procedures set out in OCGA § 5-6-34 (b). Because she failed to do so, this application must be and hereby is dismissed.

*All the Justices concur, except Hunstein, P. J., and Carley and Melton, JJ., who dissent.*

CARLEY, Justice, dissenting.

This Court dismisses the above-styled application for discretionary appeal for failure of applicant to comply with OCGA § 5-6-34 (b) based upon the majority's erroneous conclusion that the trial court's "Final Judgment and Decree of Divorce" is actually interlocutory in nature, due to paragraphs 12 and 13. Those paragraphs do not require the trial court to take any further action. Instead, each provision simply requires the parties to determine their eligibility for certain government benefits, to reimburse any improperly received benefits, and to "make a return to [the trial court] of their determination and proof of any reimbursement . . . within ninety (90) days of the entry of this final judgment and decree of divorce."

A trial court's order constitutes a final judgment within the meaning of OCGA § 5-6-34 (a) (1) " ' "where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." ' [Cits.]" *Standridge v. Spillers*, 263 Ga. App. 401, 403 (1) (587 SE2d 862) (2003). Applicant cannot be considered to have further recourse merely because she can disobey the trial court's order for proper reimbursement and litigate the issue in a contempt proceeding, especially when nothing in that order requires any further action by the trial court and her obedience would result in the absence of any later order from which to file a timely appeal. See

*Levine v. Levine*, 204 Ga. 313, 317 (1) (49 SE2d 814) (1948). After all, final divorce judgments are always subject to enforcement by the trial court.

There are not any "substantive issues remaining to be litigated in the case . . . ." *Theo v. Dept. of Transp.*, 160 Ga. App. 518, 519 (1) (287 SE2d 333) (1981). Where, as here, a decree disposes of all of the substantial equities of the case and is final as to its determination of all issues of law and fact, it is a final judgment even though the trial court explicitly reserves some right to enforce it. See *Turner v. Flournoy*, 277 Ga. 683, 686 (3) (594 SE2d 359) (2004); *Moody v. Muscogee Mfg. Co.*, 134 Ga. 721 (2) (68 SE 604) (1910) (cited in *Turner*). The trial court in this case did not reserve any issue for later determination. Compare *Carr v. Carr*, 238 Ga. 197 (232 SE2d 69) (1977) (where the trial court reserved "for subsequent determination 'the issues of property settlement and alimony' "); *Black v. Sturdivant*, 131 Ga. App. 698 (206 SE2d 526) (1974) (reserving the issue of unliquidated damages).

The order of the trial court purports to resolve all of the substantive issues and to be the " 'final ruling in the matter. This leaves [Applicant] with no further recourse in the trial court. . . .' [Cits.]" *Smith v. Smith*, 165 Ga. App. 532, 533 (1) (301 SE2d 696) (1983). Accordingly, the trial court's order is a final judgment for purposes of appeal. *Smith v. Smith*, supra; *Theo v. Dept. of Transp.*, supra. Therefore, I dissent to the Court's order of dismissal.

I am authorized to state that Presiding Justice Hunstein and Justice Melton join in this dissent.

DECIDED JUNE 11, 2007.

*Jesse L. Young*, for appellant.
*Garland C. Moore*, for appellee.