# Court of Appeals
# of the State of Georgia

ATLANTA,___August 20, 2013___

*The Court of Appeals hereby passes the following order:*

**A13A2323.  CONTINENTAL TIRE THE AMERICAS, LLC v. MARLOS L. CHENAULT et al.**

In this product liability action, the trial court entered a discovery order requiring defendant Continental Tire The Americas, LLC ("Continental") to produce certain documents.  Continental filed a motion for reconsideration from that ruling, which the trial court denied.  Continental then filed this direct appeal.[1]  Plaintiffs Marlos and Shayrika Chenault have moved to dismiss the appeal and for the imposition of sanctions.

Recognizing the interlocutory nature of this appeal, Continental asserts that the discovery order falls within the collateral order exception to the final judgment rule.  But this exception applies only to orders that "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment."  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468-69 (98 SCt 2451, 57 LE2d 351) (1977); see also *Scroggins v. Edmondson*, 250 Ga. 430 (297 SE2d 469) (1982).  We have held that discovery orders do not fall within the collateral order doctrine because "we do not believe that a rule allowing the direct appeal of such orders serves the greater interests of ensuring the effective and efficient administration of justice."  *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 82 (485 SE2d 525) (1997); see also *Waldrip*

---

[1] Continental also filed an application for interlocutory appeal, even though the trial court declined to certify the case for immediate review.  See A13I0265.  We dismissed the application for lack of jurisdiction by order entered July 11, 2013.

*v. Head*, 272 Ga. 572, 574 (1) (532 SE2d 380) (2000); *General Motors Corp. v. Hammock*, 255 Ga. App. 131 (564 SE2d 536) (2002).

Because the collateral order doctrine does not apply, we hereby GRANT the Chenaults' motion to dismiss. This premature direct appeal is hereby DISMISSED for lack of jurisdiction. The Chenaults' motion for sanctions, however, is DENIED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* 08/20/2013
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


                               , *Clerk.*