# Court of Appeals
# of the State of Georgia

ATLANTA,    August 22, 2013

*The Court of Appeals hereby passes the following order:*

**A13D0507.   BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC. et al. v. MERITAIN, INC.**

The City of Augusta awarded a public contract for healthcare services to Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. ("BCBS").  Disappointed bidder Meritain, Inc. filed an unsuccessful administrative appeal, then petitioned the superior court for a writ of certiorari.  The superior court reversed the administrative decision and ordered the City to rebid the contract, but the court expressly reserved ruling on Meritain's claim for damages and attorney fees.  BCBS then filed this application for discretionary appeal.  We, however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."  *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995).  An order that reserves ruling on pending claims is not a final judgment.  *Sotter v. Stephens*, 291 Ga. 79, 82 (727 SE2d 484) (2012).  Because the order appealed from is not a final judgment, BCBS was required to follow the interlocutory application procedures in OCGA § 5-

6-34 (b) by obtaining a certificate of immediate review from the superior court within the requisite time period. See *Miller v. Miller*, 282 Ga. 164 (646 SE2d 469) (2007). BCBS's failure to do so deprives us of jurisdiction over this application, which is hereby DISMISSED. BCBS's motion to file exhibits under seal is DISMISSED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/22/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*