# Court of Appeals
# of the State of Georgia

ATLANTA, __September 02, 2015__

*The Court of Appeals hereby passes the following order:*

## A15D0533. FORSYTH COUNTY, GEORGIA et al. v. ROBERT E. WINDSOR.

Robert Windsor submitted a plat application to Forsyth County to combine parcels of real estate owned by him. When his application was denied, Windsor filed an unsuccessful administrative appeal, then petitioned the superior court for a writ of certiorari. The superior court reversed the administrative decision and remanded the case to Forsyth County, but the court expressly withheld the issues of attorney's fees and damages "to be determined in a separate hearing." Forsyth County then filed this application for discretionary appeal. We, however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). An order that reserves ruling on pending claims is not a final judgment. *Sotter v. Stephens*, 291 Ga. 79, 82 (727 SE2d 484) (2012). Because the order appealed from is not a final judgment, Forsyth County was required to follow the interlocutory application procedures in OCGA § 5-6-34 (b) by obtaining a certificate of immediate review from the superior court within the requisite time period. See *Miller v. Miller*, 282 Ga. 164 (646 SE2d 469) (2007). Forsyth County's failure to do so deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __09/02/2015__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*