# Court of Appeals
# of the State of Georgia

ATLANTA,____August 15, 2016_____

*The Court of Appeals hereby passes the following order:*

## A16A2221.  REGINALD LEWIS v. STATE OF GEORGIA.

The State of Georgia filed an in rem forfeiture action against certain personal property that had been seized by the police.  Claimant Reginald Lewis filed a motion for the return of some of the property, alleging that the State had not served him with the forfeiture complaint even though it knew he was an interested party.  He also filed a motion seeking to depose a police officer allegedly involved in the seizure.  The trial court denied both motions,[1] and Lewis filed this direct appeal.

We lack jurisdiction.  "Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas Co.*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995).  It appears that no final order of forfeiture has been entered below and that the State's forfeiture complaint has not been finally resolved.  Accordingly, Lewis was required to follow the interlocutory application procedures in OCGA § 5-6-34 (b).  See *Miller v. Miller*, 282 Ga. 164 (646 SE2d 469) (2007).  His failure to do so deprives this Court of jurisdiction over this direct appeal, which is hereby DISMISSED as premature.

---

[1] In its order denying Lewis's motion for a deposition, the court ruled that it "is not persuaded discovery is necessary at this juncture."



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*_____08/15/2016_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*