# Court of Appeals
# of the State of Georgia

ATLANTA,  February 23, 2017

*The Court of Appeals hereby passes the following order:*

## A17D0272.  PAUL SCOTT FINCH v. BEVERLY ELAINE (EVANS) FINCH et al.

Plaintiff Paul Finch ("Husband") seeks discretionary review of the "Final Judgment and Decree" of the trial court in this divorce action.  We lack jurisdiction.

While designated a "Final Judgment" and granting a divorce, the order Husband seeks to appeal expressly reserved ruling on a motion for contempt filed by intervenor Paulette Evans.  "[W]here, as here, a divorce is granted by an order which leaves other issues for decision in the trial court, it is an interlocutory, not a final, order."  *Miller v. Miller*, 288 Ga. 274, 281 (4) (705 SE2d 839) (2010) (punctuation omitted); accord *Carr v. Carr*, 238 Ga. 197, 197 (232 SE2d 69) (1977); see also *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature . . . .").  Husband therefore was required to follow the procedures for interlocutory review as set forth in OCGA § 5-6-34 (b).  See *Miller v. Miller*, 282 Ga. 164, 164-165 (646 SE2d 469) (2007) (interlocutory application required to appeal "Final Judgment and Decree of Divorce" in which trial court reserved ruling on parties' eligibility for certain government benefits); *Carr*, 238 Ga. at 197-198 (interlocutory application required to appeal judgment granting divorce decree where trial court reserved a decision on property settlement and alimony).  Where both discretionary and interlocutory application procedures apply, the applicant must follow the interlocutory appeal procedure and obtain a timely certificate of immediate review before filing an application.  See

*Miller*, 282 Ga. at 164-165; *Carr*, 238 Ga. at 197-198; see also OCGA §§ 5-6-34 (b); 5-6-35 (a) (2).

Husband's failure to follow the proper appellate procedures deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/23/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*