# Court of Appeals
# of the State of Georgia

ATLANTA,  August 29, 2017

*The Court of Appeals hereby passes the following order:*

## A18D0051.  MARVIN B. SMITH, III et al. v. M. DELORES MURPHY.

Marvin B. Smith, III and Sharon H. Smith petitioned for a twelve-month protective order against their neighbor and the secretary of their homeowners' association, M. Delores Murphy.[1] Murphy filed an answer and counterclaim seeking, inter alia, the imposition of attorney fees under OCGA § 13-6-11. On July 17, 2017, following a hearing, the trial court found that the Smiths had willfully failed to respond to discovery and their actions and arguments had been frivolous and vexatious. The trial court dismissed the case with prejudice, entered judgment in favor of Murphy, and reserved the issue of attorney fees. The Smiths then filed this timely application for discretionary appeal. We, however, lack jurisdiction.

Pretermitting whether the Smiths sought a temporary restraining order or other injunctive relief,[2] the trial court neither granted nor denied such relief. Rather, the trial court dismissed the case as a sanction for the Smiths' failure to comply with discovery. However, in doing so, the trial court reserved ruling on attorney fees, which leaves the case pending below. See *CitiFinancial Services, Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011). Because the order appealed from is not a

---

[1] This is the Smiths' second appearance before this Court relating to their dispute with the homeowners' association. See Case No. A17D0338 (denied March 29, 2017).

[2] Under OCGA § 5-6-34 (a) (4) a party is entitled to a direct appeal from "[a]ll judgments or orders granting or refusing applications . . . for interlocutory or final injunctions[.]" But under OCGA § 5-6-35 (a) (9), a party must file an application for discretionary review from an order granting or denying a temporary restraining order.

final order, the Smiths were required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Miller v. Miller*, 282 Ga. 164 (646 SE2d 469) (2007); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); see generally *Redfearn v. Huntcliff Homes Assn., Inc.*, 271 Ga. 745, 747 (2) (524 SE2d 464) (1999) (noting that jurisdiction "depends upon the issue raised on appeal, not upon how the case is styled nor upon the kinds of relief which may be sought by the complaint") (punctuation omitted). Their failure to do so deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  08/29/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*