# Court of Appeals
# of the State of Georgia

ATLANTA,  July 17, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2100.  IN RE ESTATE OF STANLEY ISAAC HARDY.**

Stanley Hardy died intestate in 2018.  Tiffani Hardy, Stanley's daughter, petitioned the probate court to administer Stanley's estate and anticipated that she would be the sole heir.  Thereafter, Sharael Miller intervened alleging that her thirteen-year-old son, J.M., was Stanley's biological child and therefore entitled to a share of Stanley's estate.  The probate court ordered DNA testing of Tiffani Hardy and J.M. pursuant to OCGA § 53-2-27.  Tiffani Hardy then filed this interlocutory appeal, arguing that the probate court's order was directly appealable under the collateral order doctrine.

Under the collateral order doctrine, an interlocutory order may be appealed directly if it: (1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal.  *Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 412 (1) (785 SE2d 72) (2016).

As a general rule, discovery rulings do not constitute collateral orders. See *Gen. Motors Corp. v. Hammock*, 255 Ga. App. 131, 131 (564 SE2d 536) (2002). "[I]n the rare case when appeal after final judgment will not cure an erroneous discovery order, a party may defy the order, permit a contempt citation to be entered against him, and challenge the order on direct appeal of the contempt ruling." *Hickey*, 336 Ga. App. at 412-413 (1) (punctuation omitted).

In this case, the court's DNA testing order is a discovery order that goes to the heart of the parties' dispute.  And the appeal does not fall into the exception related

to privacy concerns for disinterested third parties. See *Hickey*, 336 Ga. App. at 412-414 (1) (denial of motion to quash subpoena of a bank account of a nonparty was directly appealable). As such, the collateral order doctrine has no application. Tiffani Hardy was therefore required to follow the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the trial court's order. See OCGA § 5-6-34 (b); *Miller v. Miller*, 282 Ga. 164, 164-165 (646 SE2d 469) (2007). Her failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  07/17/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*