**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 9, 2020**

# In the Court of Appeals of Georgia

A19A1959. STATE OF GEORGIA v. WHITE.

BROWN, Judge.

The State has filed an appeal of the trial court's order in this civil forfeiture action, finding no probable cause for the State's seizure of $151,070 in United States currency from Damion White, and ordering its prompt return. The record reflects that on November 7, 2018, Clayton County police detained White at the Atlanta airport and seized from him $151,070 in cash and money orders based upon their assertion that the currency was being used and/or intended to be used to facilitate a violation of the Georgia Controlled Substances Act, OCGA § 16-13-20, et seq.

On December 7, 2018, White filed a motion for probable cause hearing pursuant to OCGA § 9-16-14 (4). On December 13, 2018, the State filed an in rem forfeiture complaint against the property pursuant to OCGA §§ 9-16-12 and 16-13-

On January 28, 2019, White filed a verified answer to the complaint, disputing the State's claim against the property, and asking that the forfeiture complaint be dismissed and that the trial court hold a hearing on his OCGA § 9-16-14 (4) motion "prior to hearing the substantive merits of the State's Complaint for Forfeiture." On February 1, 2019, the trial court issued a rule nisi setting a hearing on the motion for probable cause for February 14, 2019. Following that hearing, during which the trial court heard testimony from the airport interdiction officers who questioned White and seized his property, the trial court issued an order finding that the officers lacked probable cause to approach White and seize his money. The trial court ordered that the $151,070 in currency and money orders "be returned to [White] instant[er]." The State filed a direct appeal of this order invoking OCGA § 5-7-1 (direct appeals by the State in criminal cases and adjudication of delinquency cases).

We lack jurisdiction. "Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas Co.*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). In this case, the State filed an in rem forfeiture action against White pursuant to OCGA § 9-16-12, which lays out the requirements for such a complaint as well as the procedure

2

for enforcing the forfeiture, including ordering the sheriff to take possession of property in circumstances when the property which has not been seized is the subject of the complaint for forfeiture. See OCGA § 9-16-12 (a), (b). That Code section further provides for a bench trial on the complaint within 60 days if an answer is filed. See OCGA § 9-16-12 (f).

As set out above, White moved for a probable cause hearing pursuant to OCGA § 9-16-14 (4), which provides:

> If property is seized for forfeiture or a forfeiture lien is filed without a previous judicial determination of probable cause or order of forfeiture or a hearing under paragraph (2) of this Code section, the court, on an application filed by an owner of or interest holder in the property within 30 days after notice of its seizure or forfeiture lien or actual knowledge of such seizure or lien, whichever is earlier, and complying with the requirements for an answer to an in rem complaint, . . . may issue an order to show cause to the state attorney and seizing law enforcement agency for a hearing on the sole issue of whether probable cause for forfeiture of the property then exists. The hearing shall be held within 30 days unless continued for good cause on motion of either party. If the court finds that there is no probable cause for forfeiture of the property, the property shall be released.

Finding no probable cause here, the trial court followed the mandate of the Code section and ordered that the property be released. However, the forfeiture

complaint has not been finally resolved, and remains pending below. Because the order appealed from is not a final order, the State was required to follow the interlocutory application procedures in OCGA § 5-6-34 (b). See *Miller v. Miller*, 282 Ga. 164 (646 SE2d 469) (2007). The State's failure to do so deprives this Court of jurisdiction over this direct appeal, which is hereby dismissed.

*Appeal dismissed. Barnes, P. J., and Mercier, J., concur*.