# Court of Appeals
# of the State of Georgia

ATLANTA, <u>August 18, 2020</u>

*The Court of Appeals hereby passes the following order:*

## A20A2107. TRAVIS MORRIS v. STATE OF GEORGIA.

The State filed a complaint for forfeiture against all of the items seized from a vehicle driven by Wesley Floyd Riley, III, and the complaint listed Riley as a potential claimant. In addition to drugs and drug paraphernalia, police seized $45,399.25 in cash that was disbursed throughout the vehicle as follows: $38,740.00 in a box in the trunk, $6,091.00 in the glove box, and $568.25 on Riley's person. Travis Morris answered the complaint, asserting a claim that he was the owner of $41,000 of the cash. See OCGA § 9-16-12 (c) (1). The trial court subsequently held a hearing to determine whether Morris had standing to be considered an owner of the money he sought.

On January 16, 2020, the court issued an order specifically noting that it did not find Morris or Thomas credible and concluding that Morris did not meet his burden of establishing a claim to the $41,000. The court, therefore, decreed that Morris lacked standing to contest the forfeiture and dismissed Morris's claim. On February 14, 2020, Morris filed a notice of appeal from this order. Three days later, on February 17, 2020, the trial court issued a "Default Order of Disposition," finding Riley in default, ordering that all of the items listed in the complaint for forfeiture be forfeited to the State, and vesting all right, title, and interest in the items in the Ware County Sheriff's Office. The order concluded by stating that "at the appropriate time an Order of Distribution will be issued." We lack jurisdiction over this direct appeal.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas*

*County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). Based on the forfeiture statute, it appears that the January 16, 2020 ruling regarding Morris's standing is not a final order. In a forfeiture action, a trial court is required to "issue an order of distribution" for any forfeited property, specifying "the time frame for the transfer of forfeited property and the entity responsible for effectuating the transfer of such property." OCGA § 9-16-19 (f) (1). The record here shows that at the time Morris filed his notice of appeal, the forfeiture complaint had not been finally resolved, and the trial court still has not yet entered its required order of distribution. Thus, the order from which Morris seeks to appeal is not a final order.

The fact that the order disposes of Morris's claim to the property is of no consequence. As with any case involving multiple parties or multiple claims, "a decision adjudicating fewer than all the claims or the rights and liabilities of [fewer] than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Under such circumstances, the order must contain an express determination that there is no just reason for delay under OCGA § 9-11-54 (b), or the party must comply with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Id. Neither occurred here.

Because the order appealed from is not a final order, Morris was required to follow the interlocutory application procedure delineated in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review. See *Sotter v. Stephens*, 291 Ga. 79, 82 (727 SE2d 484) (2012) (order regarding disposition of trust assets was interlocutory because final accounting of trust remained pending); *Miller v. Miller*, 282 Ga. 164, 165 (646 SE2d 469) (2007) (divorce decree was interlocutory because trial court reserved right to review parties' submissions regarding eligibility for and reimbursement of government benefits allegedly obtained improperly). Morris failed

to do so, and this direct appeal, therefore, is DISMISSED as premature.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  08/18/2020
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*