# Court of Appeals
# of the State of Georgia

ATLANTA,  September 04, 2020

*The Court of Appeals hereby passes the following order:*

## A21D0037. UGWONALI LAW GROUP, LLC v. CHEROKEE FUNDING, LLC.

Following a settlement in favor of its clients, Ugwonali Law Group, LLC filed a petition for interpleader and motion to interplead funds, naming Cherokee Funding, LLC, among others, as an interpleader defendant. Cherokee Funding filed an answer, counterclaim, and cross-claim against Ugwonali Law Group's principal, Adanna Ugwonali. In October 2019, the trial court ordered Ugwonali Law Group to pay Cherokee Funding $219,176.00, to respond within ten days to Cherokee Funding's discovery requests regarding its counterclaim and cross-claim, and to pay Cherokee Funding $2,000 in attorney fees and expenses for having to file a motion to compel. Thereafter, Ugwonali Law Group filed an application for discretionary appeal. This Court dismissed the application as untimely and for failing to follow the interlocutory appeal procedures. See Case No. A20D0152 (dismissed November 15, 2019).

Back in the trial court, Cherokee Funding filed a motion for attorney fees pursuant to OCGA § 9-15-14. The trial court granted the motion and ordered Ugwonali Law Group to pay $49,986.85 to Cherokee Funding as fees and expenses incurred in defending the interpleader action. Ugwonali Law Group then filed this application for discretionary appeal. We, however, lack jurisdiction.

Generally, a party must follow the discretionary appeal procedures to appeal the award of OCGA § 9-15-14 attorney fees. See OCGA § 5-6-35 (a) (10). However, where both discretionary and interlocutory application procedures apply, the applicant must follow the interlocutory appeal procedure and obtain a timely certificate of immediate review before filing an application. See *Miller v. Miller*, 282 Ga. 164, 164-

165 (646 SE2d 469) (2007); see also OCGA §§ 5-6-34 (b); 5-6-35 (a) (2). Here, Cherokee Funding's counterclaim and cross-claim remain pending below. Because no final judgment has been entered, the order Ugwonali Group Law seeks to appeal is interlocutory. See *Eidson v. Croutch*, 337 Ga. App. 542, 544 (788 SE2d 129) (2016). Consequently, in order to obtain appellate review, Ugwonali Law Group was required to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); see also *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Although Ugwonali Law Group filed an application for discretionary appeal, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey*, 266 Ga. at 833.

Ugwonali Law Group's failure to follow the interlocutory appeal procedures deprives this Court of jurisdiction of this application. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/04/2020*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*