# Court of Appeals
# of the State of Georgia

ATLANTA,  October 20, 2021

*The Court of Appeals hereby passes the following order:*

**A22I0048. THE STATE v. DANA PAGE MALICK.**
**A22I0053. JERRI L. FROST et al. v. DANA PAGE MALICK.**

Dana Page Malick was indicted on two counts of child molestation and two counts of cruelty to children in the first degree based on allegations of abuse made by her stepson. Malick sought to subpoena, inter alia, records from her stepson's mental health counselors, including those maintained by non-party, Jerri L. Frost, a licensed clinical social worker. Both the State and Frost filed motions to quash, asserting that the records were privileged. See OCGA § 24-5-501. The trial court ordered Frost to produce the child's counseling records for an in camera review. See *Bobo v. State*, 256 Ga. 357 (349 SE2d 690) (1986) (plurality opinion). The State and Frost obtained certificates of immediate review and filed these two applications for interlocutory appeal.

The ability of the State to appeal in a criminal case is limited by OCGA § 5-7-1. See *State v. Cash*, 298 Ga. 90, 91 (1) (a) (779 SE2d 603) (2015); *State v. Outen*, 289 Ga. 579, 580 (714 SE2d 581) (2011). "Because OCGA § 5-7-1 (a) establishes the universe of appeals the State is permitted to seek in criminal cases, if the State attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *State v. Wheeler*, 310 Ga. 72, 74 (1) (849 SE2d 401) (2020) (punctuation omitted). Notably, orders denying motions to quash or mandating the production of records for in camera review are not among the orders enumerated in OCGA § 5-7-1 (a). Accordingly, this Court does not have jurisdiction to consider the State's application in Case No. A22I0048, and it is hereby

DISMISSED.[1]

However, a different result is required for Frost's application. The trial court's order requiring Frost to produce records in response to a subpoena is properly characterized as a discovery order. See, e. g., *Bazemore v. State*, 244 Ga. App. 460, 464 (2) (535 SE2d 830) (2000) ("Whether the trial court should quash a subpoena depends on the nature and scope of the discovery request."). As a general rule, discovery rulings directed at parties do not constitute collateral orders which are subject to direct appeal, see *General Motors Corp. v. Hammock*, 255 Ga. App. 131, 132 (564 SE2d 536) (2002), but "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." *Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 413 (1) (785 SE2d 72) (2016). Thus, an order denying a third party's motion to quash a subpoena is directly appealable. See *Britt v. State*, 282 Ga. 746, 748-749 (1) (653 SE2d 713) (2007); *Hickey*, 336 Ga. App. at 414 (1). "This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486, n. 1 (602 SE2d 246) (2004).

Accordingly, Frost's application for interlocutory appeal in Case No. A21I0053

---

[1] The State alleges that this appeal is proper under OCGA § 5-6-34 (a) (13), which permits a direct appeal from all judgments or orders entered pursuant to OCGA § 9-11-11.1, the anti-SLAPP provision of the Civil Practice Act. Even if the trial court's order had been entered pursuant to the anti-SLAPP provision, "the State has no right to appeal under OCGA § 5-6-34 or any other provision of the Appellate Practice Act, as that Act grants the right of appeal only to either party in any civil case and the defendant in any criminal proceeding." *Cash*, 298 Ga. at 93 (1) (b); accord OCGA § 5-6-33.

is hereby GRANTED. Frost shall have ten days from the date of this order to file a notice of appeal in the trial court, if one has not already been filed. The trial court clerk is instructed to include a copy of this order in the appellate record.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  10/20/2021  *

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

      *Stephen E. Castlen*    *, Clerk.*