# Court of Appeals
# of the State of Georgia

ATLANTA,  December 11, 2023

*The Court of Appeals hereby passes the following order:*

**A24A0577. KENNON PEEBLES, JR. et al. v. JB2018100, LLC et al.**

JB2018100, LLC and Chunyen Liu ("Plaintiffs") filed a fraud action against multiple defendants. On February 13, 2023, the trial court entered an order denying defendants Kennon Peebles, Jr.'s and Robert O. Kwon's motions for protective orders and ordering them to sit for depositions and comply with discovery requests. Peebles and Kwon filed a notice of appeal on February 24, 2023. On June 8, 2023, Plaintiffs moved to dismiss the appeal for failure to pay costs. The court granted Plaintiffs' motion and dismissed the appeal. Peebles and Kwon then filed this appeal from the order dismissing their appeal of the Feb. 13 order. We, however, lack jurisdiction.

As a rule, "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). However, a trial court's order dismissing an improperly filed direct appeal is not subject to direct appeal. See id. Here, Peebles's and Kwon's first appeal was from an interlocutory discovery order, so it was not a properly filed direct appeal. Although Peebles and Kwon contend that the Feb. 13 order was subject to direct appeal under the collateral order doctrine,[1] discovery rulings generally do not constitute collateral orders, see *Gen. Motors Corp. v.*

---

[1] Under the collateral order doctrine, an interlocutory order may be appealed directly if it: "(1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal[.]" *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007) (citation and punctuation omitted).

*Hammock*, 255 Ga. App. 131 (564 SE2d 536) (2002), and Peebles and Kwon have not shown that the doctrine applies here. Accordingly, the trial court's order dismissing the first appeal was not subject to direct appeal.

In addition, because Peebles's and Kwon's first appeal was not properly filed, the propriety of the trial court's dismissal of that appeal is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997) (A moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist). And pursuant to OCGA § 5-6-48 (b) (3), an appeal of an issue that has become moot is subject to dismissal. For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  12/11/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*